AO 91 (Rev. 11/11)  Criminal Complaint

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

OCT 3 1 2016

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Wesley Cockerham | ) | Case No. |
| | ) | |
| | ) | H16-1594M |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 31, 2106__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) & (e) | 18 U.S.C. § 2251(a) & (e), 2252A(a)(2) & (b)(1) and 2252A(a)(5)(B) & (b)(2) - the production, the distribution, receipt and possession of child pornography. |
| 18 U.S.C. § 2252A(a)(2) & (b)(1) | |
| 18 U.S.C. § 2252A(a)(5)(B) & (b)(2) | |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Theo Williams FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __10/31/2016__

_____
*Judge's signature*

City and state: __Houston, Texas__   Frances H. Stacy, USMJ
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Theo M. Williams, being duly sworn, hereby depose and state the following:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI). I have been a Special Agent of the FBI since July 2009. I am charged with the duty of investigating violations of the laws of the United States, collecting evidence in cases in which the United States is or may be a party in interest, and performing other duties imposed by law. Your Affiant has been assigned to the FBI Houston Child Exploitation Task Force (HCETF) since 2011, and is tasked with investigation of the sexual abuse of children. During this time your affiant has investigated more than 100 cases involving the sexual abuse of children. Your affiant has obtained specialized training in investigations of child sexual abuse, Domestic Sex Trafficking, computer evidence handling and other police matters, and has participated in various FBI mandated, and volunteer training for the investigation and enforcement of sex trafficking of children as defined in Title 18, United States Code, Section 1591. Examples of the courses attended by your Affiant include Conferences on Human Trafficking, Interviewing and interrogation, Juvenile Forensic Interviewing, and Investigation of sex crimes. Child Pornography, as defined in 18 U.S.C. § 2256, is:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." For conduct occurring after April 30, 2003, the definition also includes "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct."

1

2. This Affidavit is made in support of a criminal complaint charging Wesley Cockerham with violating 18 U.S.C. § 2251(a) & (e), 2252A(a)(2) & (b)(1) and 2252A(a)(5)(B) & (b)(2) which makes it a crime to produce, distribute and possess child pornography. Sexual Exploitation of Children, as defined in 18 U.S.C. § 2251 (a) is,

> **(a)**
> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Certain activities relating to material constituting or containing child pornography, as defined in 18 U.S.C. § 2252A(a)(2) is,

> **(a)** Any person who—
> **(2)** knowingly receives or distributes—
> **(A)**
> any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or
> **(B)**

any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

Certain activities relating to material constituting or containing child pornography, as defined in 18 U.S.C. § 2252A(a)(5)(B) is,

**(5) either—**
**(B)**
knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

3. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation, I have set forth only those facts that I believe are necessary to establish probable cause that evidence of a violation of 18 U.S.C. § 2251(a), 2252A(a)(2) and 2252A(a)(5)(B) has been committed by Wesley Cockerham beginning on or about June 2014. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part.

4. On 10/20/2016, Special Agent (SA) Williams received information from Jennifer Love, Juvenile Probation Girls Court for Harris County Texas, indicating that one of her clients, Minor Victim 1 (MV1) was a victim of a video recorded sexual assault. According to MV1, her brother saw the videos on line and brought them to her attention. Subsequently, MV1 went to the website her brother directed her to called pornhub.com

3

and realized she was the female in the videos. MV1 then sent screenshots of three pornhub.com profile pages with a user name of "Weslohtown" to Ms. Love. In addition, MV1 sent a Facebook profile page with the user name of Wesley Cockerham to Ms. Love. In turn, Ms. Love sent the screenshots she received from MV1 to SA Williams.

5. On the evening of 10/20/2016, SAs Williams and Donnita Gordon met and interviewed MV1, DOB 12/06/2000, at her residence. MV1 stated she met the individual known to her as Wes on Facebook when she was 13 years of age. Wes has been identified by law enforcement as Wesley Cockerham (Cockerham), DOB 9/27/1992. After corresponding back and forth for a few days, MV1 agreed to meet Cockerham. Circa August 2014, Cockerham picked up MV1, then 13 years old, in a black Mercedes, three houses down from her family home. Cockerham took MV1 to Bear Creek Park, Houston, Texas. Upon arriving at the park, Cockerham asked MV1 to go for a walk in the woods. Cockerham started to touch MV1 on her arms and stomach, and then started to kiss her on the lips. At this point they both took their pants off, and Cockerham used his penis to penetrate MV1's vagina. Cockerham asked MV1 if he could record the sex act on his cellular telephone, and was granted permission with the caveat that he not share the videos. MV1 began feeling uncomfortable with Cockerham recording them having sex and asked him to stop recording. Cockerham asked MV1 if she was she scared and MV1 said no and allowed him to continue recording. Cockerham recorded himself and MVI having unprotected vaginal and oral sex. Cockerham ejaculated on the ground. MV1 stated after that encounter she and Cockerham did not speak again for approximately one year.

    MV1 recalled wearing a yellow shirt with a bra that had stars printed on it and black shorts.

6. After MV1 and Cockerham began communicating again on 8/15/2015, Cockerham and his friend Kevin picked up MV1, who was then fourteen years old, and her twelve-year-old sister in a black Chevrolet Tahoe, from a location in their neighborhood and took them to Mcfee Elementary School in Katy, Texas. Kevin was identified by law enforcement as Kevin McClure (McClure), DOB 1/01/1996. McClure and MV1's sister went for a walk, at which point McClure began pressuring MV1's sister to perform oral sex on him, but she refused. While McClure and MV1's sister were walking, Cockerham told MV1 he wanted to take nude pictures of her and MV1 agreed. Cockerham began recording MV1 performing oral sex on him and then proceeded to take nude photos of MV1. Cockerham used his Apple iPhone with a black protective case to take the photos and record the video. On this occasion, MV1 wore a black shirt and a pink thong. While outside of Mcfee Elementary School, Cypress Fairbanks Independent School District Police Department (CFISDPD) officers came in contact with the group. While identifying the individuals on the scene, CFISDPD requested permission to search the Tahoe and found a loaded hand gun. Subsequently, CFISDPD arrested McClure and allowed Cockerham and the two minor females to leave the scene.

7. Approximately two weeks later, MV1 ran away from home and stayed at Cockerham's home for roughly two or three days. Cockerham and MV1 had sex while MV1 was a runaway and staying at Cockerham's home. Cockerham asked MV1 to work as a prostitute. Cockerham stated he could get MV1 a room at a hotel and create a profile for

5

her on a website called Backpage.com. Cockerham showed MV1 the Backpage.com website, and asked her to join his team of prostitutes.

8. In September 2015, Cockerham contacted MV1 and asked if he could see her, and MV1 refused. Consequently, MV1 and Cockerham got into an argument inasmuch as she refused to visit with him. Cockerham threatened MV1 by saying he was going to put the sex videos on-line if she discontinued their relationship.

9. On or about October 19, 2016, MV1's brother told her there was a video of her on a website called pornhub.com. MV1 contacted Cockerham through Facebook, and asked him to remove the videos from the website. According to MV1, Cockerham toyed with her and acted as if he had no knowledge of the video. MV1 told Cockerham she was currently 15 years old and to please take the videos down. MV1 was 13 and 14 years of age when the videos were produced. MV1 provided screenshot photos of the conversation with Cockerham to Ms. Love, who in turn provided the screenshot photos to law enforcement.

10. Based on the screenshot photos provided by Ms. Love, law enforcement previewed the profile name "Weslohtown" on the website called pornhub.com. Videos of MV1 were identified under a subfolder called "videos". Two of the six videos in the "videos" folder included MV1 preforming oral and vaginal sex acts with Cockerham. Additionally, law enforcement previewed a subfolder called "photos" which contained two folders. One folder contained 7 photos and was called; "my dick and tricks", and the other folder contained 11 photos, and was called "backwoods female." Both folders contained child pornography images of MV1 performing oral sex on Cockerham. Further, both folders

contained non-sexually explicit selfie type photos of Cockerham and MV1. On Cockerham's pornhub.com profile home page, law enforcement identified a photograph of Cockerham that is consistent with his driver's license photograph. In addition, law enforcement identified the female in the folder called "my dick and trick," and "backwoods female," wearing the same clothing items described by MV1 as MV1. Further, law enforcement observed a section of his pornhub.com profile where Cockerham described what he was looking for sexually and then provided a contact telephone number for those interested. Based on his training and expertise, SA Williams believes that the images produced by Cockerham are child pornography as defined in Title 18, United States Code, Section 2256.

## CONCLUSION

11. Based on all information set forth above, your Affiant believes there is probable cause to believe that on or between August 2014 and August 2015, Wesley Cockerham, was in violation of Title 18 U.S.C. § 2251(a), 2252A(a)(2) and 2252A(a)(5)(B) which makes it a crime to produce, distribute and possess child pornography.

Theo M. Williams, SA, FBI

Subscribed and sworn before me this 31 day of October 2016, and I find probable cause

Frances H. Stacy
United States Magistrate Judge

7